Dissenting Opinion.
Watkins, J.
This is a petitory action for the recovery of improved property and the rents and revenues thereof; and the defendants set up title in themselves and make claim for improvements and taxes. On the trial in the lower court there was judgment in favor of the plaintiff for the property, making no allowance for rents and revenues on the one side, nor the value of improvements and taxes on the other; and from that judgment the plaintiff procured an order of appeal, general in its terms, and without having previously applied for a new trial; and in this court the defendants and appellees filed no answer to the appeal, and consequently requested no amendment of the judgment appealed from.
Under this state of facts the question arises as to what issues are presented to this court for decision; whether plaintiff’s appeal *1236 brought up the whole ease, or only the question of rents and revenues. For, if it brought up the whole case, it occupied the same position it did in the lower court, and there was no occasion for the appellee to have answered; but if, on the contrary, the appeal only brought up the questions of rents, improvements and the value of vegetables, etc., destroyed, the appellee should have answered the appeal and requested an amendment of the decree recognizing his title.
Entertaining the belief that plaintiff’s appeal brought up the whole case, our opinion dealt with the whole case, reversed the judgment appealed from and decreed the defendant to be the owner of the property in dispute.
There being a disvision of opinion amongst the judges as to whether the judgment was before us with respect to the title, a rehearing was granted, and the attention of counsel on both sides was directed to this point.
Consulting the record we find that the judgment of the District Court passed upon and decided no other issue than that of title; and it left undecided all other issues raised by the pleadings.
Thi re was no judgment to appeal from, other than that with reference to the title. If, in point of fact, the plaintiff did not appeal from that judgment, there was no judgment from which he could have appealed, at all; and if that judgment has not been brought up for review, there is no appeal before this court, and .nothing presented by the record upon which this court can rest a decree or found its jurisdiction.
An appeal is an act whereby one of the parties to a suit has recourse to a superior tribunal “in order to have the judgment of an inferior court corrected.” C. P. 564.
And the law expressly provides that this court “ can only exercise its jurisdiction in so far as it shall have knowledge of matters argued or contested below.” C. P. 895.
And this court said in Miller vs. Gilmore, 33 An. 1404, that “in the exercise of its appellate powers, this court reviews the judgments of the lower courts, to affirm, reverse or amend them, or to remand a case.
“ We can not, in the present phase of the action, decide what the rights of the parties are, for that would be assuming and exercising an original jurisdiction which we do not possess in this class of cases.
*1237 “This court can exercise its appellate jurisdiction only in so far as it shall have knowledge of the matters argued or contested below.”
It is apparent from the record that nothing but the question of title was decided in the court below; and as, in the exercise of its appellate jurisdiction this court can not deal with anything in the case which was not decided in the court below, and can only exercise its jurisdiction to the extent it has knowledge of the matter argued and contested therein, there was no occasion for the defendants to have filed an answer to an appeal, which had brought up for review the only question which had been decided in the lower court.
The decision of the question must largely depend upon the character of the action, and the effect of the judgment which has been appealed from.
A mixed action is defined as being one “ which partakes both of the real and personal action, such as a claim for the ownership of real property and also for the fruits it has produced or their value.” C. P. 7.
This is the character of plaintiffs’ action. It is one and indivisible. The issues were inseparable at the date suit was filed, and up to the time judgment was rendered; but it is contended that it at once became divisible, so as to enable plaintiff to prosecute an appeal as to that part of the case which was not decided, and upon which 'no judgment had been rendered, without suspending the decree of the lower court as to the part of the ease it did decide, or in any manner impairing its effect as res ctdjudieata, from which, in the opinion of plaintiffs’ counsel, no appeal was taken.
It has been decided that “ the dispositions of Arts. 592 and 888 of the Code of Practice are exclusively applicable to cases in which all the parties have been cited, and all the issues made in the first instance are appealed from.'' Girod vs. Creditors, 2 An. 546.
Now it is manifest that in the instant case “ all the issu s made in the first instance ” were not adjudged in the lower court, and, consequently, were not appealed — not in the opinion of plaintiff’s counsel — hence, applying the principle of that decision, the defendants have a standing in this court to question the validity of the judgment which is brought up on appeal without filing an answer, and requesting an amendment of said judgment.
The reason of this rule evidently is that in case there are several *1238 issues in a ease, all of which are decided, some in favor of one or more of the parties, and some against one or more of the parties, and only one of the parties takes an appeal, it is then necessary for those not appealing to answer the appeal and ask appropriate amendments, otherwise the judgment of the appellate court would have to be restricted to the single issue tendered by the appellant.
But when the judgment in the court below is restricted to a single issue from which one party appeals, there is no occasion for the other party to answer and ask for an amendment of the judgment appealed from, because the appeal presents the only issue that was decided, and upon which the appellate court is bound to pass judgment, one way or the other, if it exercises jurisdiction at all.
Indeed, the Code declares that “ if the appellee complain of some parts of the judgment of the inferior court, he may, without appealing from the same, pray that it be set aside in those points in which he believes that he is aggrieved.” C. P. 592.
If the theory of plaintiff’s counsel be correct, his clients would have been entitled to a writ of possession for the surrender of the property in litigation, notwithstanding his appeal from the judgment recognizing his title; and if that judgment forms res judicata as to the question of title a plea to that effect would have necessarily cut off all recourse of the defendants in this court in respect thereto.
But the record furnishes no evidence as to the issuance of a writ of possession or of a plea of res judicata having been filed.
The reason is manifest, and it is that either a writ of possession or a plea of res adjudicata in respect to the title, would have utterly defeated the whole action for the property and improvements, the same being one and indivisible; and if this would be the effect of a writ of possession or the filing of a plea of res adjudicata, for a like reason why should not the appeal as to one or the other — title or rents and revenues — necessarily bring up the other? There can be no other rational solution of the matter.
As well might it be contended that a plaintiff in whose favor a judgment had been rendered on a promissory note for the principal, pretermitting any expression with respect to the interest, could appeal therefrom and obtain a judgment of this court awarding him interest, and at the same time proceed with the execution of the judgment in the District Court, denying the defendant and appellee’s right to be heard in the appellate court, because he had failed to *1239 answer and pray for amendment of the judgment on the principal demand, no appeal therefrom having been taken.
But to illustrate the fallacy of plaintiff’s contention, the efficacy of the plea of res adjudieata with respect to the judgment of the District Court would, according to his theory, be made to depend upon the appellee’s aiiswer to the appeal in this court. But it is difficult to perceive how an answer to the appeal could affect the question of title, if indeed it did not bring that question up; or what benefit it would confer upon the appellee to file an answer and request an amendment of a judgment which brought up but one issue upon which the court was bound to pass, or not exercise its jurisdiction at all.
It has been held that a suspensive appeal from a judgment dissolving an injunction does not operate a stay of proceedings on the merits, and in such ease this court has declined to perpetuate a writ of prohibition to that end.
State ex rel. Butchers’ Union vs. Judge, 33 An. 436. But no case can be cited in which relief by prohibition has been refused in such a case as this, where a portion of the relief prayed for by a plaintiff in a mixed action is asserted to have become final by the self-same decree from which he has appealed as to another portion of the relief therein contained.
On the contrary, it has been held that “ if a District Judge assume jurisdiction in a case after the appellant has complied with the law which entitles him to a suspensive appeal, he is clearly exceed - ing the bounds of his jurisdiction.” State ex rel. Johnson vs. Judge, 31 An. 113; State ex rel. Menge vs. Judge, 36 An. 711.
It is elementary that no appeal lies from a judgment before it is signed; and if an appeal has been granted from a judgment before it has been signed the appeal is premature because the judgment is inchoate. Garland’s Code of Practice 565, and authorities.
And the converse of that proposition is equally true, that once a final judgment has been signed and an appeal has been granted, and an appeal bond filed, the jurisdiction of the lower court ceases, “and it has no longer authority to take any steps but such as may be necessary to transmit the record to the Supreme Oourt.” 1 Hen. Dig., p. 73, No. 3, and authorities cited therein.
Hence it may be correctly assumed that, in so far as the judgment of the lower court decided the issues raised, it was the legal basis of *1240 an appeal, having been signed; bnfc in respect to other issues the appeal was premature, because, as to them, it was not signed, and therefor not appealable.
But, if on the contrary, the judgment which was rendered and signed be considered as having embraced all the issues in the case, though some were not particularly specified, then the jurisdiction of the lower court terminated, in every respect, upon the filing of the appeal bond; and, of necessity, this court acquired full and complete jurisdiction over the whole case, and in the exercise of its jurisdiction it correctly sustained the appeal with respect to the rents, and decided the question involved.
An appeal is a constitutional and highly favored remedy, and courts should recognize and maintain the right in every doubtful case.
On the submission of the case the question of title was discussed orally and argued on briefs on both sides. Our opinion refers to the pleadings and the fact that plaintiff had appealed from a judgment in his favor, and treated the appeal as having brought up the entire case for decision.
The unanimous opinion of the court was that on the evidence defendant’s title was good, and we reversed the judgment in plaintiff’s favor.
And for the first time on this application the right of the defendant to be heard on the suffioienoy of the appeal is raised. No article of the Oode of Practice or decision of this court has been referred to as supporting this highly technical hypothesis. And I can see neither law nor equity in straining a technicality so far, and by so doing turn the defendant out of his house and home.
For these reasons I dissent from the opinion of the majority.